## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOUSEFF GENID AND LINDA GENID, | |
| Plaintiff, | Civil Action No: 15-cv-06787-PGS-LHG |
| v. | **BRIEF IN SUPPORT OF FEDERAL HOUSING FINANCE AGENCY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOUSING FINANCE AGENCY; SETERUS INC. f/k/a IBM LENDER BUSINESS PROCESS SERVICES, INC.; INTERNATIONAL BUSINESS MACHINES CORPORATION; ABC BUSINESS ENTITIES 1-10 (as yet unidentified entities); JOHN DOES 1-10 (as yet unidentified individuals), | **MOTION DATE: February 1, 2016** |
| Defendants. | |

On the Brief:

Edward McTiernan, Esq.
Michael A.F. Johnson, Esq.

Edward McTiernan
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone:  (212) 715-1024
Facsimile:   (212) 715-1399
Edward.McTiernan@aporter.com

Michael A.F. Johnson, Esq.*
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Michael.Johnson@aporter.com
(*pro hac vice petition to be filed)

*Attorneys for Defendant Federal Housing Finance Agency*

Date: January 8, 2016

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................ 1

PERTINENT FACTUAL ALLEGATIONS............................................................ 2

APPLICABLE LEGAL STANDARDS ................................................................. 3

ARGUMENT ..................................................................................................... 4

I.      The Court Lacks Jurisdiction over Plaintiffs' Claims against FHFA and Fannie Mae ...... 4

      A.     The Court Lacks Personal Jurisdiction over FHFA because Plaintiffs Failed to Serve FHFA ........................................................................4

      B.     Plaintiffs Ignore FHFA's Sovereign Immunity ..................................6

      C.     The Court Lacks Subject Matter Jurisdiction over the Claims ...............8

            i.     Plaintiffs Lack Standing to Bring Claims Grounded in the Repurchase Policy...................................................................8

            ii.    Plaintiffs Lack Standing Because They Have Not Suffered an Injury-in-Fact Caused by FHFA or Fannie Mae's Complained-of Conduct ........................................................................11

            iii.   The Court Lacks Supplemental Jurisdiction over the State-Law Claims Because the Sole Federal Claim Is Legally Deficient ...................13

II.     Plaintiffs Fail to State a Viable Claim in any Event ......................................... 14

      A.     The RESPA Claim Fails .............................................................14

      B.     The State-Law Claims Fail .........................................................15

      C.     Plaintiffs Fail to Include Any Substantive Allegation that FHFA Committed any Wrongful Act or Omission.........................................18

      D.     Plaintiffs Fail to Give FHFA and Fannie Mae Fair Notice of What Their Claims Are ...........................................................................19

      E.     Plaintiffs Are Barred from Seeking Punitive Damages from Fannie Mae ...........20

CONCLUSION................................................................................................. 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. Washington Mut., Inc.*,
2011 WL 2559641 (E.D. Pa. 2011) ...................................................................21

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................3, 4

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007)................................................................................4, 18, 20

*Bistrian v. Levi*,
696 F.3d 352 (3d Cir. 2012)................................................................................3

*Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*,
864 A.2d 387 (N.J. 2005)...................................................................................16

*Buckley v. Trenton Saving Fund Socy.*,
544 A.2d 857 (N.J. 1988)...................................................................................17

*Cancel v. Lappin*,
No. 05-5168, 2007 WL 1723407 (D.N.J. June 11, 2007).........................................5

*Constitution Party of Pennsylvania v. Aichele*,
757 F.3d 347 (3d Cir. 2014)........................................................................12, 13

*De Asencio v. Tyson Foods, Inc.*,
342 F.3d 301 (3d Cir. 2003), *as amended* (Nov. 14, 2003)....................................14

*Decker v. Princeton Packet*,
116 N.J. 418 (N.J. 1989)...................................................................................18

*Deerborne Cottages, LLC v. First Bank*,
2012 WL 1835240 (W.D.N.C. 2012), *adopted*, 2012 WL 1836093 (W.D.N.C. 2012) .........................................................................................................21

*Edwards v. Aurora Loan Servs., LLC*,
791 F. Supp. 2d 144 (D.D.C. 2011) ..................................................................10

*F.D.I.C. v. Meyer*,
510 U.S. 471 (1994)..........................................................................................6, 7

*In re Fed. Home Loan Mortg. Corp. Derivative Litig.*,
643 F. Supp. 2d 790 (E.D. Va. 2009) ...............................................................11

*Fed. Hous. Fin. Agency v. City of Chicago,*
    962 F. Supp. 2d 1044 (N.D. Ill. 2013) ...................................................21

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009)..........................................................15, 16

*Gennari v. Weichert Co. Realtors,*
    148 N.J. 582 (N.J. 1997) .................................................................16

*Global Fin. Corp. v. United States,*
    67 F. App'x 740 (3d Cir. 2003) ...........................................................8

*Grand Entm't Group v. Star Media Sales,*
    988 F.2d 476 (3d Cir. 1993)................................................................3

*Gunn v. Minton,*
    133 S. Ct. 1059 (2013) ...................................................................13

*H2O Plus, LLC v. Arch Pers. Care Products, L.P.,*
    No. CIV. 10-3089 WJM MF, 2011 WL 2038775 (D.N.J. May 22, 2011) ..............20

*Heckler v. Chaney,*
    470 U.S. 821 (1985).......................................................................11

*Higgins v. BAC Home Loans Servicing, LP,*
    2014 WL 1332825 (Mar. 31, 2014) .....................................................21

*Horn v. FDIC,*
    2011 WL 6132309 (D. Md. 2011) .......................................................21

*Hurst v. Fed. Nat'l Mortg. Ass'n et al.,*
    No. 14-cv-10942, 2015 WL 1757225 (E.D. Mich. Apr. 17, 2015), *appeal*
    *pending*, No. 15-1586 (6th Cir.).........................................................10

*Kehr Packages, Inc. v. Fidelcor, Inc.,*
    926 F.2d 1406 (3d Cir. 1991).............................................................3

*King v. Long Beach Mortg. Co.,*
    672 F. Supp. 2d 238 (D. Mass. 2009) ..................................................22

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994).......................................................................3

*Kost v. Kozakiewicz,*
    1 F.3d 176 (3d Cir. 1993).................................................................16

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992).......................................................................12

*Nevada v. Countrywide Home Loans Servicing, LP*,
 812 F. Supp. 2d 1211 (D. Nev. 2011) ...................................................................21

*Pinker v. Roche Holdings Ltd.*,
 292 F.3d 361 (3d Cir.2002) .........................................................................................3

*Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*,
 877 F. Supp. 2d 140 (D.N.J. 2012) ...........................................................................7

*Richards v. United States*,
 176 F.3d 652 (3d Cir. 1999) .......................................................................................6

*Santiago v. Warminster Twp.*,
 629 F.3d 121 (3d Cir. 2010) .....................................................................................17

*In re Schering Plough Corp. Inron/Temodar Consumer Class Action*,
 678 F.3d 235 (3d Cir. 2012) .......................................................................................8

*Umbenhauer v. Woog*,
 969 F.2d 25 (3d Cir.1992) ...........................................................................................3

*United Jersey Banks v. Parell*,
 783 F.2d 360 (3d Cir. 1986) .....................................................................................13

*United States v. Acorn Technology Fund*,
 429 F.3d 438 (3d Cir. 2005) .......................................................................................7

*United States v. Gaubert*,
 499 U.S. 315 (1991) ...................................................................................................11

*United States v. Mitchell*,
 445 U.S. 535 (1980) .....................................................................................................6

*United States v. Nordic Village, Inc.*,
 503 U.S. 30 (1992) .......................................................................................................6

*Wells Fargo Bank, N.A. v. Favino*,
 2011 WL 1256771 (N.D. Ohio Mar. 31, 2011) .......................................................6

**Statutes**

5 U.S.C. §§ 701-706 ............................................................................................7, 10, 21

12 U.S.C. § 1825(b)(3) ..............................................................................................21

12 U.S.C. § 2605(a)-(e), (i) ........................................................................................15

12 U.S.C. § 2605(f) ..............................................................................................4, 15

12 U.S.C. § 4511 .................................................................................................4, 10

12 U.S.C. § 4617(b) .................................................................................................11

12 U.S.C. § 4617(f) .................................................................................................11

12 U.S.C. § 4617 (j) .................................................................................................20

12 U.S.C. § 4635(b) .................................................................................................11

N.J. Stat. Ann. § 56:8-2 ..........................................................................................16

**Other Authorities**

12 C.F.R. § 1024.35(c)-(e) ......................................................................................15

12 C.F.R. § 1024.36(c)-(d) ......................................................................................15

Fed. R. Civ. P. 4(i) ..............................................................................................4, 5

Fed. R. Civ. P. 12(b)(1) ............................................................................................3

Fed. R. Civ. P. 12(b)(2) ............................................................................................3

Fed. R. Civ. P. 12(b)(5) .....................................................................................3, 4, 5

Fed. R. Civ. P. 12(b)(6) ................................................................................ *passim*

## INTRODUCTION

The Federal Housing Finance Agency ("FHFA") and Federal National Mortgage Association ("Fannie Mae") do not belong in this lawsuit.

The Court lacks personal jurisdiction over FHFA, and lacks subject matter jurisdiction over the claims; the claims should therefore be dismissed under Rule 12(b)(1), (2), and (5). Plaintiffs lack personal jurisdiction over FHFA, which Plaintiffs sued in its regulatory capacity, but which Plaintiffs never properly served.  Plaintiffs also ignore FHFA's sovereign immunity, which bars these claims against FHFA.  Plaintiffs' basic theory of the case is that FHFA and Fannie Mae's repurchase policy entitled them to buy their property out of foreclosure.  Subject matter jurisdiction is lacking because Plaintiffs cannot establish standing—a jurisdictional prerequisite—as they do not and cannot causally link any cognizable injury to any of FHFA or Fannie Mae's alleged acts or omission.  In any event, Plaintiffs' allegations fail to support any viable claim; the claims against FHFA and Fannie Mae therefore also could be dismissed under Rule 12(b)(6).  Plaintiffs fail to state a claim against FHFA or Fannie Mae under the provision of the federal Real Estate Settlement Procedures Act ("RESPA") cited in Count 1, because this provision applies only to loan originators and servicers, and Plaintiffs do not (and cannot) allege that FHFA or Fannie Mae originated or serviced Plaintiffs' mortgage.  Plaintiffs further fail to plead scienter, a necessary element under Counts 2 through 5 against FHFA and Fannie Mae, and fail to plead facts concerning *any* element of Counts 5 and 6 against FHFA and Fannie Mae. Finally, federal law bars Plaintiffs' demand for punitive damages from Fannie Mae.

FHFA, as Conservator of Fannie Mae, has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including the rights to sue and be sued, and to complain and defend, in the federal courts.  *See* 12 U.S.C. § 4617(b)(2)(A)(i). Accordingly, FHFA moves for dismissal of all claims against FHFA and Fannie Mae.  Further, FHFA adopts and incorporates by

1

reference the arguments and authorities pertaining to Fannie Mae contained in Fannie Mae and Seterus, Inc.'s Motion to Dismiss and supporting Brief. *See* Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, Dkt. No. 13-1.

For all of the above reasons, Plaintiff's Complaint fails as a matter of law to state a viable claim against FHFA or Fannie Mae and should be dismissed with prejudice against these defendants.

## PERTINENT FACTUAL ALLEGATIONS[1]

Plaintiffs Youssef Genid and Linda Genid (collectively, the "Plaintiffs") claim to have owned real property located at 212 Edison Road, Barnegat, New Jersey (the "Property"). Compl. ¶ 1. On February 4, 2014, JP Morgan Chase Bank, N.A. ("JP Morgan"), allegedly obtained a foreclosure judgment against Plaintiffs concerning the Property. Compl. ¶ 11.

On or about March 1, 2014, JP Morgan allegedly transferred "the loan" to Fannie Mae and transferred servicing of this loan to Seterus, Inc. ("Seterus"). Compl. ¶ 13. On April 28, 2014, JP Morgan allegedly assigned a "promissory note and mortgage that formed the basis of the action" to Fannie Mae. Compl. ¶ 12. Seterus allegedly acted as agent and servicer to Fannie Mae at all relevant times. Compl. ¶ 17.

On April 7, 2015, the Property allegedly was sold at a sheriff's sale. Compl. ¶ 18.

On or about April 8, 2015, Plaintiffs allegedly submitted a Notice of Error pursuant to RESPA to Seterus and to the law firm Phelan Hallinan & Diamond, P.C. ("Phelan"), which allegedly represented Seterus and Fannie Mae. Compl. ¶ 19. On or about that same date, Plaintiffs allegedly submitted a letter requesting information to Seterus, JP Morgan, and Phelan. Compl. ¶ 20. Defendants allegedly did not acknowledge the Notice of Error or letter requesting

---

[1] All alleged facts are adopted from Plaintiffs' Amended Complaint and assumed true for purposes of this Motion only.

information.  Compl. ¶ 20.  From April 27, 2015 through September 1, 2015, Plaintiffs allegedly corresponded with Phelan, Seterus, and Fannie Mae concerning a possible loan modification and requesting information about an alleged property repurchase program.  Compl. ¶¶ 21-36.

On an unspecified date on or after October 22, 2015, Plaintiffs allegedly were evicted from the Property.  Compl. ¶¶ 37-38.

## APPLICABLE LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(5), dismissal is warranted for "insufficient service of process" of the complaint. Fed. R. Civ. P. 12(b)(5).  "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).  District courts possess "broad discretion" in determining whether to dismiss for insufficient service of process. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992).

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(2) require the Court to dismiss if the Court lacks personal jurisdiction over FHFA. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir.2002).  In evaluating a motion under Rule 12(b)(2), the Court must accept as true the allegations contained in, and derive all reasonable inferences from, the complaint. *See id.*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citation omitted).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint, in part or in whole, if the plaintiff fails establish that the Court has jurisdiction over the claim. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).  The plaintiff bears the burden of persuasion under Rule 12(b)(1). *See id.*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The "touchstone" of this pleading standard is plausibility.  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).  Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  To determine whether this standard met, the Court must "outline the elements a plaintiff must plead to a state a claim for relief, peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth, . . . look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."  *Bistrian*, 696 F.3d at 365 (quotation omitted).  To meet this standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

I.      **The Court Lacks Jurisdiction over Plaintiffs' Claims against FHFA and Fannie Mae**

      A.      **The Court Lacks Personal Jurisdiction over FHFA because Plaintiffs Failed to Serve FHFA**

Because Plaintiffs failed to serve FHFA, dismissal of the Amended Complaint as to FHFA is warranted pursuant to Rule 12(b)(5).  Plaintiffs have sued FHFA in its capacity as regulator of Fannie Mae, *see* Am. Compl. ¶ 3 ("The FHFA has comprehensive regulatory and oversight authority over . . . Fannie Mae."), and concede that FHFA "is a federal agency."  *Id.* Because FHFA is a federal agency, it must be served in accordance with Rule 4(i)(2) of the

Federal Rules of Civil Procedure. *See* 12 U.S.C. § 4511 (establishing FHFA as an independent federal agency to regulate and oversee government-sponsored entities including Fannie Mae); Fed. R. Civ. P. 4(i)(2) (describing required service of process upon agencies of the United States). Rule 4(i)(2) requires a plaintiff to deliver the summons and complaint to the U.S. attorney for the district where the action is brought; send a copy by registered or certified mail to the Attorney General for the United States; and send a copy by registered or certified mail to FHFA itself. *See* Rule 4(i)(1), 4(i)(2)*; Cancel v. Lappin*, No. 05-5168, 2007 WL 1723407, *2 (D.N.J. June 11, 2007) (dismissing *pro se* complaint against federal officials for failing to comply with Rule 4(i)).

Plaintiffs have not served FHFA in accordance with Rule 4(i). As to the Amended Complaint, the case docket reflects no affidavit or other proof of service, nor does the Amended Complaint itself contain a Certificate of Service.[2] Plaintiffs' failure to serve is particularly noteworthy because they admitted that they never properly served FHFA with the original Complaint, but they still have made no attempt to correct that failure with respect to the Amended Complaint. *See* Stipulation to Order Setting Schedule For Plaintiffs To File and Defendants To Respond To Amended Complaint, October 21, 2015 (ECF No. 8, Ex. 1), at 1 n.1 ("Plaintiffs have not yet served the Federal Housing Finance Agency in accordance with the Federal Rules of Civil Procedure"). In any event, because Plaintiffs failed to serve FHFA, the Court cannot properly exercise jurisdiction over FHFA and should dismiss the allegations against it under Rule 12(b)(5).[3] *See Cancel*, 2007 WL 1723407 at *2 ("[C]ourts cannot exercise

---

[2]    Prior to the filing of the instant Motion, FHFA had not appeared in this matter and thus is not subject to service via ECF.

[3]    Regardless of service defects, Plaintiffs' claims are independently subject to dismissal for the additional reasons stated herein.

jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure.") (citation omitted); *see also Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 n.10 (3d Cir. 1982) (where a motion to dismiss challenges service of process, "the burden of proof with respect to that issue falls on the plaintiff.").

### B.      Plaintiffs Ignore FHFA's Sovereign Immunity

As Plaintiffs acknowledge, FHFA "is a federal agency."  Am. Compl. ¶ 3.  Plaintiffs sue FHFA in its capacity as regulator of Fannie Mae.  *See id.*  ("The FHFA has comprehensive regulatory and oversight authority over . . . Fannie Mae."); *accord id.* at ¶ 54.  But FHFA, as a federal agency, holds sovereign immunity concerning Plaintiffs' claims; these claims therefore are barred.

"Sovereign immunity is jurisdictional in nature."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994).  "Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  *Id*. (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1940) (bracketed material in original)).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *Meyer*, 510 U.S. at 475.  A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980), and it must be strictly construed in favor of the sovereign.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).  Where, as here, the United States has not consented to suit, courts lack jurisdiction over the subject matter of the action, and dismissal is required.  *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999).

Congress has not evidenced, much less unequivocally expressed, an intent to waive FHFA's sovereign immunity over Plaintiffs' claims under RESPA, the New Jersey Consumer Fraud Act (the "NJCFA"), or state common law.  RESPA does not contain a waiver of sovereign immunity, and thus cannot provide a basis for jurisdiction.  *See Wells Fargo Bank, N.A. v.*

6

*Favino*, 2011 WL 1256771, at *5 (N.D. Ohio Mar. 31, 2011) (noting that plaintiff "fails to cite to any provision of RESPA which provides a valid waiver to the United States' sovereign immunity, [and,] [t]herefore, this is … not a basis for jurisdiction").  Concerning the NJCFA, no federal statute contains a waiver regarding either this state law specifically or state consumer-fraud or consumer-protection laws generally.  The remainder of Plaintiffs' claims sound in tort[4] and—along with Plaintiffs' claims under RESPA and the NJCFA—demand solely money damages.  Congress has not waived FHFA's sovereign immunity over these types of claims; instead, the Federal Tort Claims Act (the "FTCA") "is the exclusive method for suing an … agency in tort for monetary damages."  *United States v. Acorn Technology Fund*, 429 F.3d 438, 445 (3d Cir. 2005).  The FTCA, however, requires that the claimant "first present[] the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  Tort claims that are not presented to the appropriate agency within the limitations period are "forever barred."  28 U.S.C. § 2401(a).  Here, Plaintiffs have not alleged that they satisfied the FTCA's requirement that claimants exhaust administrative remedies before filing suit.

Neither does the waiver of sovereign immunity contained in the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (the "APA Waiver"), apply here.  By its express terms, the APA Waiver does not apply to Plaintiffs' claims for monetary relief.  *See* 5 U.S.C. § 702 (waiving sovereign immunity for certain actions "seeking relief other than money damages").  The APA Waiver also is inapplicable to Plaintiffs' claims for injunctive or other non-monetary

_____

[4] Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, although requiring the existence of a contract—which, incidentally, Plaintiffs do not plead existed between Plaintiffs and FHFA—is a tort.  *See Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*, 877 F. Supp. 2d 140, 156 (D.N.J. 2012).

relief.  By its express terms, the APA Waiver "only provides for review of those actions made reviewable by statute and final agency action for which there is no other adequate remedy in a court." *Hindes v. F.D.I.C.*, 137 F.3d 148, 161 (3d Cir. 1998) (quotation omitted).  Here, Plaintiffs cannot show that they lack another adequate judicial remedy.  FHFA's dismissal from this suit on jurisdictional grounds would not adversely affect Plaintiffs' ability to obtain the relief that they seek.  Because FHFA's invocation of sovereign immunity would not affect the adequacy of the judicial remedies afforded to them concerning other defendants, the APA Waiver does not apply.

Plaintiffs have failed to address—much less meet—their "burden of showing an unequivocal waiver of sovereign immunity as a basis for [the C]ourt's jurisdiction." *Global Fin. Corp. v. United States*, 67 F. App'x 740, 742 (3d Cir. 2003) (citing *Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).  Nor could Plaintiffs do so, because Congress has not unequivocally expressed an intent to waive sovereign immunity for any of these claims. Accordingly, Plaintiffs' claims against FHFA must be dismissed.

### C.     The Court Lacks Subject Matter Jurisdiction over the Claims

#### i.     Plaintiffs Lack Standing to Bring Claims Grounded in the Repurchase Policy

Standing is a constitutional requirement that Plaintiffs bear the burden of establishing, and "standing is a jurisdictional matter." *In re Schering Plough Corp. Inron/Temodar Consumer Class Action*, 678 F.3d 235, 243-44 (3d Cir. 2012) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)) (affirming dismissal for lack of subject matter jurisdiction where plaintiffs failed to allege any injury fairly traceable to defendant's alleged wrongful conduct).

Plaintiffs' Amended Complaint does not contain sufficient allegations to establish standing.  Plaintiffs allege that "[t]he events giving rise to [their] causes of action concern a

period of time during which Defendants offered a post-sale repurchase program to Plaintiffs."
Am. Compl. 1.  Indeed, all of the allegations directed at FHFA concern a Fannie Mae property
repurchase program (the "REO Policy").  *See* Am. Compl. ¶¶ 16, 55, 58.  The lion's share of the
allegations directed at Fannie Mae also concern the REO Policy. *See id.* at ¶¶ 15, 24, 56 59, 64,
66, 89.  But the REO Policy cannot support the relief that Plaintiffs seek, because Plaintiffs have
no rights under the REO Policy.  As such, they cannot plausibly or fairly trace any cognizable
injury to any alleged act or omission of FHFA or Fannie Mae.

 Plaintiffs complain that they were denied the opportunity under the REO Policy to
repurchase the Property after foreclosure.  Am. Compl. 2 ("[Plaintiffs] were evicted when in fact
they may have been able to repurchase the home…").  Their claims appear to rest on a faulty
assumption—that the REO Policy confers on them, as well as any former borrower, certain rights
in connection with repurchasing their home.  *See* Am. Compl. 2 (asserting that Fannie Mae offers
a repurchase program that is "offered to the public at large").  That is incorrect.  The REO Policy
does not entitle any particular borrower to purchase any specific property.  The November 25,
2014 press release announcing the Policy (the "Press Release") speaks in permissive, not
mandatory, terms; it notes that FHFA "will *permit* [Fannie Mae and Freddie Mac] to sell existing
REO properties to any qualified purchaser at the property's fair-market value, *as determined by
the Enterprises*."  *See* Press Release (Ex. A) at 1.  It states that "[c]ertain property exclusions
may apply and will be handled *by the Enterprises on a case-by-case basis*," confirming that the
Enterprises have discretion to exclude properties.  *Id.* (emphasis added).

 Thus, any suggestion that the Policy entitles Plaintiffs to repurchase the Property for a
particular amount, or at all, is wrong.  As a federal court recently stated in rejecting such an
argument: "Instructing the FHFA regarding the cases in which it should implement its new

policy is not within the purview of this Court." *See Hurst v. Fed. Nat'l Mortg. Ass'n et al.*, No. 14-cv-10942, 2015 WL 1757225, *4 (E.D. Mich. Apr. 17, 2015), *appeal pending*, No. 15-1586 (6th Cir.). Indeed, courts have rejected similar claims that borrowers had a legal right to participate in the Home Affordable Modification Program, a permissive policy announced by the U.S. Treasury. *See*, *e.g.*, *Edwards v. Aurora Loan Servs., LLC*, 791 F. Supp. 2d 144 (D.D.C. 2011) ("significant discretion built into HAMP precludes" claim).

Nor does the REO Policy require FHFA or Fannie Mae to provide Plaintiffs particular "information about the repurchase program and associated rights." Am. Compl. 12; *see also id.* ("In offering the program, Defendants have a duty to ensure that when previous homeowners request information about the program the information is provided to them."). Plaintiffs sue FHFA in its capacity as regulator of Fannie Mae*, see* Amended Complaint at 3; accordingly, they can only challenge FHFA's exercise of its regulatory authority through a lawsuit under the Administrative Procedure Act. 5 U.S.C. § 706.

Here, however, any such claim against the Agency—seeking to compel FHFA to order Fannie Mae to provide additional information to borrowers—would be barred by federal law. Under the Housing and Economic Recovery Act of 2008 ("HERA"), FHFA is the only entity with general supervisory and regulatory authority over the Enterprises. 12 U.S.C. § 4511. Regulatory enforcement decisions—such as whether to compel compliance with any particular policy in any specific circumstance—are not subject to judicial review. *See*, *e.g.*, *United States v. Gaubert*, 499 U.S. 315 (1991) (describing financial regulators' discretion to use formal and informal supervisory mechanisms); *Heckler v. Chaney*, 470 U.S. 821 (1985) (enforcement decisions are within agencies' unreviewable discretion). Indeed, Congress has specifically precluded the courts from "affect[ing] [FHFA's] issuance" of such orders: "[N]o court shall

have jurisdiction to affect, by injunction or otherwise, the issuance … of any [enforcement]

notice or order."  12 U.S.C. § 4635(b).  Thus to the extent that Plaintiffs would ask this Court to

compel FHFA to issue a regulatory order, such relief is expressly prohibited by § 4635(b).[5]

### ii.  Plaintiffs Lack Standing Because They Have Not Suffered an Injury-in-Fact Caused by FHFA or Fannie Mae's Complained-of Conduct

Dismissal of Plaintiffs' claims against both FHFA and Fannie Mae is warranted because

the Amended Complaint does not meet the standard for pleading an injury-in-fact.  To satisfy

Article III's standing requirements, Plaintiffs must show, *inter alia*, that they "suffered an injury

in fact," i.e., an "invasion of a legally protected interest which is (a) concrete and particularized

and (b) actual or imminent," and that there exists "a causal connection between the injury and the

conduct complained of, in other words, that the injury is "fairly ... trace[able] to the challenged

action of the defendant." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 360 (3d

Cir. 2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Here, Plaintiffs

do not plead either that they suffered an injury-in-fact or that any supposed injury is fairly

traceable to FHFA or Fannie Mae.

---

[5]     Plaintiffs sued FHFA in its regulatory capacity.  *See* Am. Compl. ¶ 3.  But it would make no difference if Plaintiffs had asked the court to compel FHFA, as Fannie Mae's Conservator, to implement the REO Policy in any particular way: federal law bars that relief as well.  *See* Am. Compl.  ¶¶ 50, 77, 85, 95, 100, 105 (requesting in addition to damages "such other relief as this Court may deem equitable and just").  HERA expressly prohibits courts from taking any action that would "restrain or affect the exercise of powers or functions of the [FHFA] as a conservator or a receiver."  12 U.S.C. § 4617(f).  The Conservator's statutory powers encompass decisions about the resale of REO properties.  *See* 12 U.S.C. §§ 4617(b)(2)(A)(i), 4617(b)(2)(G).  Thus, a court order compelling the Conservator to sell the Property (or compelling the Conservator to order Fannie Mae to sell the Property) to Plaintiffs under the REO Policy would directly "restrain or affect" the exercise of the Conservator's statutory powers in violation of Section 4617(f).  Moreover, any order compelling Fannie Mae to apply the REO Policy in a particular manner would restrain the powers of FHFA under 12 U.S.C. § 4617(f), because as Conservator, FHFA succeeds to "all rights, titles, powers, and privileges" of Fannie Mae.  *See* 12 U.S.C. § 4617(b)(2)(A)(i).  Courts have recognized that "[a] court action can 'affect' a conservator even if . . . the litigation is not directly aimed at the conservator itself."  *See In re Fed. Home Loan Mortg. Corp. Derivative Litig.*, 643 F. Supp. 2d 790, 799 (E.D. Va. 2009).

Plaintiffs' allegations concerning injury are difficult to discern.  The Amended Complaint appears, however, to aver two purported injuries.  First, the final paragraph of the factual allegations section states that Plaintiffs "and their family have since been evicted from the property."  Am. Compl. ¶ 38.  But the factual allegation that Plaintiffs were evicted, without more, does not qualify as an injury-in-fact, because Plaintiffs have not alleged any illegality regarding the eviction and thus, have not averred that the eviction constitutes an "invasion of [Plaintiffs'] legally protected interest" in the property.  Second, Plaintiffs allege that they "did in fact reasonably rely on the foregoing"—i.e., Defendants' alleged failure to respond to Plaintiffs' notices and requests—"to their detriment."  Am. Compl. ¶ 83.  Plaintiffs do not specify the nature of this supposedly detrimental outcome, and given Article III's requirement that Plaintiffs plead that they suffered a "concrete and particularized" injury, *Lujan*, 504 U.S. at 560, Plaintiffs' vague and conclusory allegation is not sufficient.

Neither does the Amended Complaint allege a causal connection between FHFA or Fannie Mae's alleged conduct, i.e., its alleged failure to respond to Plaintiffs' notices and requests, and any possible injury, including the eviction.  Plaintiffs present the Court with a few isolated factual allegations—that FHFA and Fannie Mae announced a repurchase program, that Plaintiffs were evicted following a foreclosure sale, and that Plaintiffs requested information about the repurchase program—apparently leaving it to the Court to infer a causal connection, but none is fairly implied.  Plaintiffs do not allege that anything FHFA or Fannie did (or omitted doing) caused the default that led to the foreclosure and sale, which in turn led to the eviction.  Plaintiffs do not allege that they were in a position to repurchase the property by tendering the make-whole amount.  And even if—despite the absence of any allegations to that effect—it is assumed that Plaintiffs could have made a bona-fide offer in that amount, Plaintiffs do not and

cannot allege that Fannie Mae had any legal obligation to accept it.[6]  Plaintiffs have not—and

cannot—adequately allege a causal connection between FHFA's alleged failure to provide

Plaintiffs with information and the eviction.

### iii.   The Court Lacks Supplemental Jurisdiction over the State-Law Claims Because the Sole Federal Claim Is Legally Deficient

Plaintiffs invoke federal-question jurisdiction, along with supplemental jurisdiction over

state-law claims, as the supposed source of the Court's jurisdiction, *see* Am. Compl. ¶ 8.  Under

that theory, "a right or immunity created by the Constitution or laws of the United States must be

an element, and an essential one, of the plaintiff's cause of action."  *United Jersey Banks v.*

*Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (quoting *Gully v. First National Bank*, 299 U.S. 109,

112 (1936).  Typically, this jurisdictional requirement is satisfied when the face of plaintiff's

well-pleaded complaint establishes that "federal law creates the cause of action asserted."  *Gunn*

*v. Minton*, 133 S. Ct. 1059, 1064 (2013).[7]

Because Plaintiffs' RESPA claim against FHFA—which is Plaintiffs' sole federal

claim—is legally deficient, *see infra* at § II.A, this Court cannot exercise supplemental

jurisdiction over Plaintiffs' remaining state-law claims against FHFA.  Plaintiffs invoke federal-

question jurisdiction, along with supplemental jurisdiction over state-law claims, as the supposed

source of the Court's jurisdiction, *see* Am. Compl. ¶ 8.  Federal district courts may exercise

supplemental jurisdiction where state-law claims "share a common nucleus of operative fact with

---

[6]    But for the assertion that "FHFA directed Fannie Mae to change[] its requirements relating to post-sale properties, Am. Compl. ¶ 16, the Complaint is bereft of any substantive allegations concerning any acts or omissions of FHFA in relation to the property at issue.  In the absence of any such allegation, causation cannot be inferred; Plaintiffs therefore lack standing to assert any claim against FHFA.

[7]    Arising-under jurisdiction also exists concerning a limited set of state-law claims, *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013), none of which appear on the face of Plaintiffs' well-pleaded Amended Complaint.

the claims that supported the district court's original jurisdiction. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003), *as amended* (Nov. 14, 2003) (quotation omitted).

Here, Plaintiffs' RESPA claim is legally deficient. As noted *supra*, Plaintiffs allege only that FHFA or Fannie Mae failed to respond to Plaintiffs' notices and requests for information. But, as explained *infra*, the RESPA provision under which Plaintiffs bring their claim, 12 U.S.C. § 2605(f), cannot provide relief, because that provision applies only to loan originators and servicers, and Plaintiffs fail to allege that FHFA or Fannie Mae originated or serviced their loan. *See* Section II.A, *infra*. Thus, the sole potential source of federal-question jurisdiction over FHFA is inapplicable.

Federal district courts may exercise supplemental jurisdiction where state-law claims "share a common nucleus of operative fact with the claims that supported the district court's original jurisdiction. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003), *as amended* (Nov. 14, 2003) (quotation omitted). Once the claims that Plaintiffs allege support original jurisdiction in this Court with respect to FHFA are found legally deficient, there is no common nucleus of operative facts onto which the remaining state-law claims may grasp. Because this Court lacks original jurisdiction over FHFA, the Court must dismiss Plaintiffs' state-law claims against FHFA for want of supplemental jurisdiction.

## II.     Plaintiffs Fail to State a Viable Claim in any Event

### A.     The RESPA Claim Fails

Plaintiffs do not allege facts sufficient to show that they have a plausible claim for relief on their RESPA claim (Count 1) against FHFA or Fannie Mae; this claim therefore must be dismissed under Rule 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Count One contains only two factual allegations: that "[d]efendants … fail[ed] to properly respond to three different [Notices of Error]" and "fail[ed] to properly respond to

[Plaintiffs' letters requesting information]."  Plaintiffs alleged that these supposed failures violate several provisions of Regulation X, namely, 12 C.F.R. §§ 1024.35(c)-(e) & 1024.36(c)-(d).

These provisions, however, place requirements exclusively on servicers, which RESPA defines as "persons responsible for servicing of a loan," viz. "receiving any scheduled periodic payments from a borrower … and making the payments of principal and interest … as may be required pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(2)-(3).  (Further, all of the other Regulation X provisions that Plaintiffs cite, *see* Am. Compl. ¶¶ 40-48, apply only to servicers.)  Plaintiffs do not allege that FHFA or Fannie Mae engaged in any of these activities. Nor could Plaintiffs do so, because they admit that "[a]t relevant times," co-defendant, Seterus, Inc. "is the servicer of the Loan."  Am. Compl. ¶ 4.

The only federal statute that Plaintiffs cite, 12 U.S.C. § 2605(f)—which they claim authorizes a private right of action—authorizes private suits solely for "fail[ure] to comply with any provision of [Section 2605]."  Section 2605, in turn, places requirements exclusively on loan originators, *id.* at § 2605(a), and loan servicers, *id.* at  §§ 2605(b)-(e).  Because Plaintiffs do not allege that FHFA or Fannie Mae originated or serviced this loan at any relevant time, they fail to state a claim against FHFA or Fannie Mae upon which relief can be granted under RESPA.

**B.**     **The State-Law Claims Fail**

Each of Plaintiffs' state-law claims omits at least one necessary element of the respective claim, and thus should be dismissed under Rule 12(b)(6).  Namely, Plaintiffs fail to allege any facts with respect to FHFA or Fannie Mae concerning scienter, which is a necessary element for an NJCFA violation (Count 2); common-law fraud (Count 3); breach of the covenant of good faith and fair dealing (Count 4); and intentional infliction of emotional distress (Count 5).  Further, Plaintiffs fail to allege any facts with respect to FHFA or Fannie Mae concerning *any* of the necessary elements for a claim of intentional infliction of emotional distress (Count 5) and

negligent infliction of emotional distress (Count 6).  Accordingly, these claims must be dismissed.

To survive a motion to dismiss, a pleader must "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quotation omitted).  For each element in the challenged cause of action, the pleader must present factual allegations that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotation omitted).

Count 2 avers that defendants violated the NJCFA.  A violation of this statute for acts or omissions "in connection with [the] sale or advertisement of … real estate" requires that the act or omission be undertaken "*with intent* that others rely upon such concealment, suppression[,] or omission."  N.J. Stat. Ann. § 56:8-2 (emphasis added).  Count 2, however, does not contain any allegations concerning any defendant's alleged intent in committing the alleged actions.  *See* Am. Compl. ¶¶ 51-77.  Because Count 2 ignores a necessary element of an NJCFA violation, this count must be dismissed for failure to state a claim.

Count 3 alleges that defendants committed common law fraud.  "[A]n intention that the other person rely on [a material misrepresentation]" is a necessary element of this tort.  *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (N.J. 1997).  Yet the only allegations concerning intent in Count 3 are that "[a]t all times, Defendants intentionally misrepresented past and existing materially facts … [and] intentionally omitted and concealed past and existing material facts."  Am. Compl. ¶¶ 79-80.  These statements "are no more than conclusions," and thus "are not entitled to the assumption of truth."  *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  Given the absence of factual allegations that go beyond mere conclusions concerning

this necessary element, dismissal is warranted on this claim.  A fraud claim further requires that

the alleged tortfeasor "*intend[ed] that the other person rely on*" the alleged misrepresentation.

*Gennari*, 148 N.J. at 610 (emphasis added).  Plaintiffs' failure to allege that FHFA or Fannie

Mae intended for Plaintiffs to rely on any alleged misrepresentation provides an alternative basis

for dismissing this claim.

Concerning Count 4, "bad motive or intention is vital to an action for breach of the

covenant [of good faith and fair dealing]." *Brunswick Hills Racquet Club, Inc. v. Route 18

Shopping Ctr. Associates*, 864 A.2d 387, 396 (N.J. 2005).  Yet Count 4 of Plaintiffs' Amended

Complaint contains no allegations concerning any defendant's motive or intention.  Thus,

dismissal is warranted on this claim.

A claim for intentional infliction of emotional distress (Count 5) includes as a necessary

element that the defendant "acted intentionally or recklessly."  *Buckley v. Trenton Saving Fund

Socy.*, 544 A.2d 857, 863 (N.J. 1988).  Count 5 of Plaintiffs' Amended Complaint contains only

the threadbare allegation that "[a]t all relevant times, Defendants' actions were deliberate and

engaged in with the intention to create panic and chaos for Plaintiffs so that they would give up

attempts to proceed with the repurchase program that had been offered to them."  Am. Compl. ¶

98.  As with Count 3, this statement is "no more than [a] conclusion[]." *Santiago*, 629 F.3d at

130.  Plaintiffs do not offer any factual allegations to provide a basis for their conclusion that

defendants' alleged failure to provide information—assuming, *arguendo*, that this failure

occurred—was anything more than, e.g., a thoughtless oversight, rather than a "deliberate"

attempt to "create panic and chaos."

Further, Plaintiffs' claim for intentional infliction of emotional distress (Count 5), in the

alternative, and Plaintiffs' claim for negligent infliction of emotional distress, in the first

instance, must be dismissed because Plaintiffs do not plead *any* facts with respect to *any* defendant concerning *any* element of these claims.  To plead intentional infliction of emotional distress, a plaintiff must allege facts that, if proven, would establish the following elements: (i) intentional and outrageous conduct by the defendant, (ii) proximate cause, and (iii) severe distress.  *See Buckley*, 544 A.2d at 863.  For a claim of negligent infliction of emotional distress, a plaintiff must allege facts that, if proven would establish that (i) the defendant owed a duty of reasonable care to plaintiff; (ii) the defendant breached that duty; (iii) the plaintiff suffered severe emotional distress; and (iv) the breach of duty was the proximate cause of the injury.  *See Decker v. Princeton Packet*, 116 N.J. 418, 429 (N.J. 1989).

Here, Plaintiffs have not plead any facts concerning any of these elements, much less facts "sufficient to show that the plaintiff has a plausible claim for relief," as required to survive a motion to dismiss.  *Fowler*, 578 F.3d at 211 .  Instead, Counts 5 and 6 simply contain a series of conclusory statements concerning each of the elements of these causes of action.  Because Counts 5 and 6 do not contain, or refer to, any alleged facts, instead offering only "a formulaic recitation of the elements," these counts must be dismissed.  *Id.* ("A complaint offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* at 210 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C.   Plaintiffs Fail to Include Any Substantive Allegation that FHFA Committed any Wrongful Act or Omission

The flaws in the Amended Complaint's allegations against FHFA run even deeper; simply put, Plaintiffs fail to allege that FHFA committed any wrongful act or omission.  The factual allegations section of the Amended Complaint contains only one mention of FHFA: an allegation that FHFA "directed Fannie Mae to change[] its requirements relating to post-sale properties."  Am. Compl. ¶ 16.  The Amended Complaint continues: "Pursuant to this [FHFA]

directive, the repurchase program was expanded"—presumably by Fannie Mae—"to, among other things, allow homeowners to repurchase foreclosed property at or around its fair-market value." *Id.* Factual allegations in Count 2 reiterate this allegation that FHFA provided direction to Fannie Mae concerning Fannie Mae's repurchase program. *See id.* at ¶¶ 54, 55. The allegation that FHFA directed Fannie Mae to alter its repurchase program does not even hint at any potential wrongdoing.

Plaintiffs' NJCFA claim (Count 2) contains a second allegation against FHFA: that FHFA "fails to provide and/or makes unavailable information about the repurchase program and associated rights." Am. Compl. ¶ 58. The Court is left guessing as to how FHFA failed to provide or made unavailable this information and what efforts, if any, Plaintiffs undertook to obtain this information from FHFA. More significantly, the allegation that FHFA failed to provide or made unavailable this information, standing alone, cannot support the conclusion that FHFA committed any wrongful act or omission. Plaintiffs do not cite to any law that FHFA could have violated by allegedly failing to provide or making unavailable this information. Nor could Plaintiffs do so. This failure to allege that FHFA committed any wrongful act or omission warrants dismissal under Rule 12(b)(6).

> **D.    Plaintiffs Fail to Give FHFA and Fannie Mae Fair Notice of What Their Claims Are**

Federal Rule of Civil Procedure 8(a) provides that a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). This pleading standard "[c]ertainly . . . requires some specificity as to which grounds apply to which Defendant." *H2O Plus, LLC v. Arch Pers. Care Products, L.P.*, No. CIV. 10-3089 WJM MF, 2011 WL 2038775, at \*2 (D.N.J. May 22, 2011).

Here, Plaintiffs' reliance on group pleading violates Rule 8(a)'s requirements. For instance, Plaintiffs' RESPA claim alleges that an unspecified "Defendant" is subject to Regulation X, *see* Am. Compl., ¶ 41; Plaintiffs' state-law claims include allegations that unidentified "Defendants were obligated by contract and common law to act in good faith and to deal fairly with Plaintiffs," *id.* at ¶ 87; that "Defendants intentionally misrepresented past and existing material facts," *id.* at ¶ 79; that "Defendants intentionally omitted and concealed past and existing material facts," *id.* at ¶ 80; and that "Defendants obtained an undue advantage," *id.* at ¶ 81. Plaintiffs' reliance on group pleading makes it impossible to determine which of these allegations are directed at which defendants. Plaintiffs' repeated violations of Rule 8(a)'s pleading requirements provide an additional basis for dismissal.

### E. Plaintiffs Are Barred from Seeking Punitive Damages from FHFA or Fannie Mae

Plaintiffs' RESPA, NJCFA, and common law fraud claim against FHFA and Fannie Mae fail for all the reasons set forth above. Plaintiffs' demand for punitive and treble damages on these claims, *see* Am. Compl. at ¶¶ 50, 77, 85, fails for yet another, independent, reason: 12 U.S.C. 4617(j)(4) (the "Statutory Penalty Bar") prohibits these forms of relief against FHFA or against Fannie Mae while in FHFA conservatorship.

The Statutory Penalty Bar provides that, while acting as Conservator, "[FHFA] shall not be liable for any amounts in the nature of penalties or fines." 12 U.S.C. § 4617 (j)(1), (4). Likewise, Fannie Mae cannot be liable for amounts in the nature of penalties or fines while under FHFA conservatorship; penalties and fines assessed against Fannie Mae are assessments against FHFA in its capacity as Conservator because the Conservator has succeeded to Fannie Mae's assets and business. *See* 12 U.S.C. §§ 4617 (b)(2)(B)(i) (FHFA as conservator may "take over the assets of and operate the regulated entity"); (b)(2)(A)(i) (FHFA as conservator succeeds to

"all rights, titles, powers, and privileges of the regulated entity").  Recognizing the effect of these statutory provisions, multiple federal courts have held that while "under conservatorship with the FHFA, Fannie Mae is statutorily exempt from taxes, penalties, and fines to the same extent that the FHFA is." *Nevada v. Countrywide Home Loans Servicing, LP*, 812 F. Supp. 2d 1211, 1218 (D. Nev. 2011); *see also Higgins v. BAC Home Loans Servicing, LP*, 2014 WL 1332825, at *3; *Fed. Hous. Fin. Agency v. City of Chicago*, 962 F. Supp. 2d 1044, 1064 (N.D. Ill. 2013).

Cases interpreting the analogous statutory provision barring penalties against the FDIC, 12 U.S.C. § 1825(b)(3), hold that punitive damages or treble damages provisions are "in the nature of fines or penalties," and therefore are precluded by the Statutory Penalty Bar.  *See Deerborne Cottages, LLC v. First Bank*, 2012 WL 1835240, at *3 (W.D.N.C. 2012), *adopted*, 2012 WL 1836093 (W.D.N.C. 2012) ("[Plaintiffs'] claim for treble damages . . . is also barred by Section 1825 because an award of treble damages for an unfair or deceptive trade practice, like an award of punitive damages, is in the nature of a penalty"); *Horn v. FDIC*, 2011 WL 6132309, at *1 (D. Md. 2011) ("[T]reble damages under the [Maryland Wage Payment and Collection Law] are 'in the nature of penalties or fines,' within the meaning of 12 U.S.C. § 1825(b)(3); treble damages cannot be awarded against the FDIC in its capacity as receiver"); *Alexander v. Washington Mut., Inc.*, 2011 WL 2559641, at *6 (E.D. Pa. 2011) ("[T]he treble damages provided for under [§ 2706(d)(2) of the Real Estate Settlement Procedures Act] constitute a penalty" that "is unavailable to [plaintiffs] under section 1825(b)(3)"); *King v. Long Beach Mortg. Co.*, 672 F. Supp. 2d 238, 246 (D. Mass. 2009) ("Even if this Court were inclined to impose punitive damages or fines, [the Statutory Penalty Bar] provides the FDIC with a complete defense.").  The same result is required here: the Statutory Penalty Bar bars Plaintiffs requests for punitive damages and treble damages.

## **CONCLUSION**

For all these reasons, Plaintiffs' Complaint fails to state a single viable cause of action against FHFA or Fannie Mae.  FHFA respectfully requests that the Court grant its Motion to Dismiss the Complaint with prejudice pursuant to F. R. Civ. P. 12(b)(6).

Respectfully submitted this 8th  day of January 2016

ARNOLD & PORTER LLP

By:   *s/* Edward McTiernan
Edward McTiernan, Esq.
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone:  (212) 715-1024
Facsimile:   (212) 715-1399
Edward.McTiernan@aporter.com

and

Michael A.F. Johnson, Esq.*
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Michael.Johnson@aporter.com

*Attorney for Defendant Federal Housing Finance Agency*